IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Earvin Foster, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 CV 7185 |
| | ) The Honorable: |
| Adnama Inc DBA Sign-A-Rama, | ) |
| As an employer under the FLSA and IWML | ) |
| Cornelius Goodwin, Aleda Goodwin, | |
| Individually | ) |
| as Employers as permitted under FLSA and IWML | )**Jury Trial Demanded** |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Earvin Foster, ("Plaintiff") by and through his undersigned counsel of record, and complains against Adnama Inc DBA Sign-A-Rama, (Hereinafter referred to as "SAR"), Cornelius Goodwin and Aleda Goodwin, (Hereinafter referred to as "Individual Defendants"), as follows:

## INTRODUCTION

1.      This case is filed based on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") , and the Illinois Overtime  Wage Law (hereinafter "IMWL"); specifically 29 U.S.C. § 207 and  § 105/4a(1).

2.      Plaintiff was an employee of Defendant for many years

3.      Throughout the Plaintiff's employment, the Plaintiff performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for his labors at an overtime rate of pay, rather Defendants paid Plaintiff only straight time wages, no matter how many hours he worked.

4.      Plaintiff requests compensation and credit for all uncompensated overtime work required, suffered, and/or permitted by Defendant, liquidated and/or other damages as permitted

by applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

### a. Plaintiff

5.    Plaintiff, Earvin Foster, is an individual resident of Illinois.

### b. Defendant

6.    Adnama Inc DBA Sign-A-Rama, or Adnama Inc DBA Sign-A-Rama Downtown, is a corporation doing business in the State of Illinois.  As used in this Complaint, "Defendant" and/or "SAR" means Defendant, all subsidiaries, agents, successors, parent corporations.

7.    Adnama Inc DBA Sign-A-Rama, or Adnama Inc DBA Sign-A-Rama Downtown employed the Plaintiff receiving his services, and benefiting from his labors and supervising his employment.

8.    At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce.

9.    Defendant's sales and goods purchased in Commerce exceeded $500,000.00 in 2015 and 2014.

10.    Cornelius Goodwin and Aleda Goodwin are owners and or managers of the Defendant corporation, who caused or allowed to occur, or failed to correct the Defendant corporations violations of the FLSA and or the IWML. (Hereinafter referred to as "Individual Defendants")

11.    The Individual Defendants are named in accord with the FLSA and IMWL statutory provisions and regulatory rules which allow for naming such persons responsible for as "employers".

## JURISDICTION

12.     Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

## STATEMENT OF FACTS REGARDING OWED OVERTIME WAGES BASED ON FLSA VIOLATIONS

13.     Plaintiff was employed by Defendant for many years.

**14.**     Plaintiff was paid as an hourly employee.

**15.**     Plaintiff was paid as a non-exempt employee.

**16.**     Plaintiff was paid $16.01 per hour of work, for ALL work, including work hours over 40 per week and/or over 80 hours per two weeks.

**17.**     Plaintiff also was paid bonuses and/or commissions, which should be included in the calculation of the overtime rate of pay.

## STATEMENT OF FACTS REGARDING: OWED WAGES FOR OFF-THE-CLOCK WORK

## DEFENDANT PAID OVERTIME WORK

## AT STRAIGHT TIME RATE OF PAY

18.     Plaintiff worked for Defendant over eighty hours many weeks each year.

19.     Defendant paid the Plaintiff only straight time wages, no overtime wages.

20.     As some courts have found that specific week by week allegations are required, Plaintiff provides specific and explicit allegations  that he worked overtime during the following pay periods:

21.     In 2016 Plaintiff worked the following

Period 1    83.00

Period 2    86.00

Period 3    88.00

Period 4    73.00

Period 5    94.00

Period 6    93.50

Period 7    79.00

Period 8    73.50

22.    Pay periods 1-3, 5-6 in 2016 Plaintiff worked overtime hours.

23.    For Pay periods 1-3, 5-6 in 2016 Plaintiff was paid only straight time wages, not overtime wages.

24.    Thus Plaintiff is owed overtime wages for Pay periods 1-3, 5-6 in 2016

25.    In 2015 Plaintiff worked the following hours:

Period 1    81.00

Period 2    81.00

Period 3    91.00

Period 4    85.00

Period 5    90.00

Period 6    110.50

Period 7    95.00

Period 8    107.00

Period 9    117.50

Period 10    78.00

| | |
|---|---|
| Period 11 | 97.50 |
| Period 12 | 100.00 |
| Period 13 | 101.00 |
| Period 14 | 88.00 |
| Period 15 | 85.00 |
| Period 16 | 98.00 |
| Period 17 | 97.00 |
| Period 18 | 20.00 |
| Period 19 | 101.00 |
| Period 20 | 97.00 |
| Period 21 | 73.00 |
| Period 22 | 75.50 |
| Period 23 | 90.00 |
| Period 24 | 76.00 |

26.     In 2015 for pay periods 1-9, 11- 17, 19-20, 23 Plaintiff worked overtime hours.

27.     In 2015 for pay periods 1-9, 11- 17, 19-20, 23 Plaintiff was paid only straight time wages, not overtime wages.

28.     Thus Plaintiff is owed overtime wages in 2015 for pay periods 1-9, 11- 17, 19-20, 23.

29.     In 2014 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 42.50 |
| Period 2 | 90.50 |

| | |
|---|---|
| Period 3 | 84.50 |
| Period 4 | 97.00 |
| Period 5 | 91.00 |
| Period 6 | 96.00 |
| Period 7 | 110.50 |
| Period 8 | 95.50 |
| Period 9 | 94.00 |
| Period 10 | 83.00 |
| Period 11 | 94.50 |
| Period 12 | 94.00 |
| Period 13 | 88.50 |
| Period 14 | 71.00 |
| Period 15 | 92.50 |
| Period 16 | 104.50 |
| Period 17 | 82.00 |
| Period 18 | 107.50 |
| Period 19 | 86.50 |
| Period 20 | 98.00 |
| Period 21 | 93.00 |
| Period 22 | 70.50 |
| Period 23 | 58.50 |
| Period 24 | 60.50 |

30.     In 2014 for pay periods 2-13, 15-21 Plaintiff worked overtime hours.

31.     In 2014 for pay periods 2-13, 15-21 Plaintiff was paid only straight time wages, not overtime wages.

32.     Thus Plaintiff is owed overtime wages in 2014 for pay periods 2-13, 15-21.

33.     In 2013 Plaintiff worked the following hours:

| | |
|---|---|
| Period 13 | 82.00 |
| Period 14 | 104.50 |
| Period 15 | 86.00 |
| Period 16 | 183.50 |
| Period 17 | 75.00 |
| Period 18 | 88.00 |
| Period 19 | 98.50 |
| Period 20 | 100.00 |
| Period 21 | 101.00 |
| Period 22 | 63.50 |
| Period 23 | 70.00 |
| Period 24 | 62.00 |

34.     In 2013 (three years from filing date approximately) for pay periods 13-16, 18-21 Plaintiff worked overtime hours.

35.     In 2013 (three years from filing date approximately) for pay periods 13-16, 18-21 Plaintiff was paid only straight time wages, not overtime wages.

36.     Thus Plaintiff is owed overtime wages in 2013 (three years from filing date approximately) for pay periods 13-16, 18-21.

37. These overtime hours were reported to the employer on the Plaintiff's time cards, Thus, Defendant was fully aware, had done work, and he should have been compensated for that work at an overtime rate.

38. Plaintiff was not paid at an overtime rate of pay.

39. Therefore the above off the clock work time should have been paid at an over time rate of one and a half his regular rate of pay in accordance with the FLSA and Illinois Wage Laws.

40. On each of these occasions the Plaintiff was not paid overtime pay as required under the FLSA and Illinois Overtime Wage Law.

41. Plaintiff now brings a claim for these owed wages

42. Defendant intentionally/willfully failed and/or refused to pay Plaintiff all compensation to due to Plaintiff.

43. Defendant willfulness is shown by Defendant's paying the hours at straight time rate of pay.

44. Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

## XII. EQUITABLE TOLLING

45. Defendants failed to post FLSA regulations and notices at the Defendants place of work.

46. The applicable statute of limitations for Plaintiffs FLSA and IMWL causes of action should be tolled for Plaintiff because strict application of the statute of limitations would be inequitable.

47. FLSA and IMWL regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. See e.g.. 29 C.F.R. §

516.4.

48. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. <u>United States v. Sabhnani</u>. 566 F. Supp. 2d 139 (E.D.N.Y. 2008); <u>Hench v. City of Absecon</u>. 148 F. Supp. 2d 435, 439 (D.N.J. 2001); <u>Kamens v. Summit Stainless. Inc.</u>. 586 F. Supp. 324, 328 (E.D. Penn. 1984).

49. Defendant failed to post any notice regarding the FLSA or IMWL **whatsoever.**

50. Based on this fact Plaintiff asks this Court to apply the doctrine of equitable tolling to Plaintiff's overtime wages claims.

## **TOLLED OVERTIME OWED**

51. Based on the Tolling of the Statute of Limitations, Plaintiff pleads and provides the following additional facts to support claims of owed overtime.

52. In 2013 (after the 3 years statute of limitations) Plaintiff worked the following hours:

Period 1    85.00

Period 2    94.00

Period 3    98.00

Period 4    76.50

Period 5    105.00

Period 6    100.50

Period 7    90.50

Period 8    93.50

Period 9    88.50

| | |
|---|---|
| Period 10 | 78.50 |
| Period 11 | 84.00 |
| Period 12 | 76.50 |

53.    In 2013, for pay periods 1-3, 5-9, 11 Plaintiff worked overtime hours.

54.    In 2013 (three years from filing date approximately) for pay periods 1-3, 5-9, 11 Plaintiff was paid only straight time wages, not overtime wages.

55.    Thus Plaintiff is owed overtime wages in 2013 for pay periods 1-3, 5-9, 11.

56.    For 2012 the Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 76.00 |
| Period 2 | 88.00 |
| Period 3 | 100.00 |
| Period 4 | 94.50 |
| Period 5 | 102.00 |
| Period 6 | 101.00 |
| Period 7 | 89.00 |
| Period 8 | 101.00 |
| Period 9 | 102.50 |
| Period 10 | 114.50 |
| Period 11 | 104.00 |
| Period 12 | 82.00 |
| Period 13 | 104.00 |
| Period 14 | 99.50 |

| | |
|---|---|
| Period 15 | 113.00 |
| Period 16 | 104.00 |
| Period 17 | 90.50 |
| Period 18 | 93.50 |
| Period 19 | 90.00 |
| Period 20 | 101.00 |
| Period 21 | 93.00 |
| Period 22 | 86.00 |
| Period 23 | 90.50 |
| Period 24 | 63.00 |

57.    In 2012, for pay periods 2-23 Plaintiff worked overtime hours.

58.    In 2012 for pay periods 2-23 Plaintiff was paid only straight time wages, not overtime wages.

59.    Thus Plaintiff is owed overtime wages in 2012 for pay periods 2-23.

60.    For 2011 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 82.50 |
| Period 2 | 83.00 |
| Period 3 | 95.00 |
| Period 4 | 81.00 |
| Period 5 | 94.00 |
| Period 6 | 97.00 |
| Period 7 | 103.50 |

| | |
|---|---|
| Period 8 | 78.50 |
| Period 9 | 57.50 |
| Period 10 | 100.00 |
| Period 11 | 98.50 |
| Period 12 | 101.00 |
| Period 13 | 84.50 |
| Period 14 | 87.50 |
| Period 15 | 101.50 |
| Period 16 | 111.50 |
| Period 17 | 82.00 |
| Period 18 | 93.00 |
| Period 19 | 82.50 |
| Period 20 | 33.00 |
| Period 21 | 99.00 |
| Period 22 | 80.50 |
| Period 23 | 96.00 |
| Period 24 | 84.00 |

61.    In 2011, for pay periods 1-7, 10-19, 21-24 Plaintiff worked overtime hours.

62.    In 2011 for pay periods 1-7, 10-19, 21-24 Plaintiff was paid only straight time wages, not overtime wages.

63.    Thus Plaintiff is owed overtime wages in 2011 for pay periods 1-7, 10-19, 21-24.

64.    In 2010 Plaintiff worked the following hours and overtime

| | |
|---|---|
| Period 1 | 88.00 |

| | |
|---|---|
| Period 2 | 79.00 |
| Period 3 | 95.00 |
| Period 4 | 80.50 |
| Period 5 | 89.00 |
| Period 6 | 98.50 |
| Period 7 | 99.00 |
| Period 8 | 100.00 |
| Period 9 | 92.00 |
| Period 10 | - |
| Period 11 | 87.00 |
| Period 12 | - |
| Period 13 | 90.00 |
| Period 14 | 94.00 |
| Period 15 | 80.50 |
| Period 16 | 101.00 |
| Period 17 | 81.50 |
| Period 18 | 96.50 |
| Period 19 | 97.00 |
| Period 20 | 95.00 |
| Period 21 | 97.50 |
| Period 22 | 79.50 |
| Period 23 | 99.50 |
| Period 24 | 64.00 |

65.     In 2010, for pay periods 1, 3-9, 13-21, 23 Plaintiff worked overtime hours.

66.     In 2010 for pay periods 1, 3-9, 13-21, 23 Plaintiff was paid only straight time wages, not overtime wages.

67.     Thus Plaintiff is owed overtime wages in 2010 for pay periods 1, 3-9, 13-21, 23.

68.     In 2009 Plaintiff worked the following hours and overtime:

| | |
|---|---|
| Period 1 | 82.00 |
| Period 2 | - |
| Period 3 | 83.00 |
| Period 4 | 84.00 |
| Period 5 | 90.00 |
| Period 6 | 91.00 |
| Period 7 | - |
| Period 8 | - |
| Period 9 | - |
| Period 10 | 79.00 |
| Period 11 | 90.00 |
| Period 12 | - |
| Period 13 | 103.00 |
| Period 14 | 106.50 |
| Period 15 | 83.50 |
| Period 16 | 90.00 |
| Period 17 | - |
| Period 18 | - |

| | |
|---|---|
| Period 19 | 93.00 |
| Period 20 | 93.00 |
| Period 21 | 66.00 |
| Period 22 | 75.50 |
| Period 23 | - |
| Period 24 | 78.00 |

69.    In 2009, for pay periods 1, 3-9, 13-21, 23 Plaintiff worked overtime hours.

70.    In 2009 for pay periods 1, 3-9, 13-21, 23 Plaintiff was paid only straight time wages, not overtime wages.

71.    Thus Plaintiff is owed overtime wages in 2009 for pay periods 1, 3-9, 13-21, 23.

72.    In 2008 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 85.00 |
| Period 2 | 89.00 |
| Period 3 | - |
| Period 4 | 88.00 |
| Period 5 | 87.00 |
| Period 6 | - |
| Period 7 | - |
| Period 8 | 96.00 |
| Period 9 | 94.00 |
| Period 10 | 73.50 |

| | |
|---|---|
| Period 11 | 50.00 |
| Period 12 | 91.00 |
| Period 13 | - |
| Period 14 | 92.00 |
| Period 15 | 91.00 |
| Period 16 | 78.00 |
| Period 17 | 95.00 |
| Period 18 | 92.00 |
| Period 19 | 100.50 |
| Period 20 | 102.00 |
| Period 21 | 83.00 |
| Period 22 | 72.00 |
| Period 23 | - |
| Period 24 | 79.00 |

73. In 2008, for pay periods 1-2, 4-5, 8-9, 12, 14-15, 17-21 Plaintiff worked overtime hours.

74. In 2008 for pay periods 1-2, 4-5, 8-9, 12, 14-15, 17-21 Plaintiff was paid only straight time wages, not overtime wages.

75. Thus Plaintiff is owed overtime wages in 2008 for pay periods 1-2, 4-5, 8-9, 12, 14-15, 17-21.

76. In 2007 Plaintiff worked the following hours:

| Period 1 | 74.00 |
|---|---|
| Period 2 | 97.50 |
| Period 3 | 80.50 |
| Period 4 | 73.00 |
| Period 5 | 89.50 |
| Period 6 | 70.50 |
| Period 7 | 97.00 |
| Period 8 | 85.50 |
| Period 9 | 89.00 |
| Period 10 | 88.00 |
| Period 11 | 93.00 |
| Period 12 | - |
| Period 13 | - |
| Period 14 | - |
| Period 15 | - |
| Period 16 | - |
| Period 17 | 87.00 |
| Period 18 | 91.00 |
| Period 19 | - |
| Period 20 | 95.00 |
| Period 21 | 91.50 |
| Period 22 | 78.00 |
| Period 23 | 79.00 |
| Period 24 | 58.00 |

77.     In 2007, for pay periods 2-3, 5, 7-11, 17-18, 20-21 Plaintiff worked overtime hours.

78.     In 2007 for pay periods 2-3, 5, 7-11, 17-18, 20-21 Plaintiff was paid only straight time wages, not overtime wages.

79.     Thus Plaintiff is owed overtime wages in 2007 for pay periods 2-3, 5, 7-11, 17-18, 20-21.

80.     In 2006 Plaintiff worked the following hours:

| | |
|---|---|
| Period 3 | 88.00 |
| Period 4 | 75.00 |
| Period 5 | 92.00 |
| Period 6 | 96.00 |
| Period 7 | 84.00 |
| Period 8 | 88.00 |
| Period 9 | 98.00 |
| Period 10 | 98.00 |
| Period 11 | 92.50 |
| Period 12 | 92.00 |
| Period 13 | 73.00 |
| Period 14 | 80.00 |
| Period 15 | 97.50 |

| | |
|---|---|
| Period 16 | 111.50 |
| Period 17 | 96.50 |
| Period 18 | 92.00 |
| Period 19 | 87.00 |
| Period 20 | 101.50 |
| Period 21 | 95.00 |
| Period 22 | 90.00 |
| Period 23 | 88.00 |
| Period 24 | 52.00 |

81.    In 2006, for pay periods 3, 5-12, 15-23 Plaintiff worked overtime hours.

82.    In 2006 for pay periods 3, 5-12, 15-23 Plaintiff was paid only straight time wages, not overtime wages.

83.    Thus Plaintiff is owed overtime wages in 2006 for pay periods 3, 5-12, 15-23.

84.    In 2005 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 82.00 |
| Period 2 | 91.00 |
| Period 3 | 88.00 |
| Period 4 | 73.00 |
| Period 5 | 92.00 |
| Period 6 | 96.00 |
| Period 7 | - |
| Period 8 | - |

| | |
|---|---|
| Period 9 | 82.00 |
| Period 10 | 89.00 |
| Period 11 | 89.00 |
| Period 12 | 98.00 |
| Period 13 | 74.00 |
| Period 14 | 90.00 |
| Period 15 | 97.00 |
| Period 16 | - |
| Period 17 | 92.00 |
| Period 18 | 90.00 |
| Period 19 | 86.50 |
| Period 20 | 94.00 |
| Period 21 | 93.50 |
| Period 22 | 77.50 |
| Period 23 | 94.00 |
| Period 24 | 82.00 |

85.     In 2005, for pay periods 1-3, 5-6, 9-12, 14-15 17-21 23-24 Plaintiff worked overtime hours.

86.     In 2005 for pay periods 1-3, 5-6, 9-12, 14-15 17-21 23-24 Plaintiff was paid only straight time wages, not overtime wages.

87.     Thus Plaintiff is owed overtime wages in 2005 for pay periods1-3, 5-6, 9-12, 14-15 17-21 23-24.

88.    In 2004 Plaintiff worked:

| | |
|---|---|
| Period 2 | 89.00 |
| Period 3 | 80.00 |
| Period 4 | 79.50 |
| Period 5 | 91.50 |
| Period 6 | 100.50 |
| Period 7 | 77.00 |
| Period 8 | 91.00 |
| Period 9 | 89.00 |
| Period 10 | 85.00 |
| Period 11 | 90.00 |
| Period 12 | 86.00 |
| Period 13 | 96.00 |
| Period 14 | 92.00 |
| Period 15 | 85.00 |
| Period 16 | 102.00 |
| Period 17 | 64.00 |
| Period 18 | 91.00 |
| Period 19 | 96.00 |
| Period 20 | - |
| Period 21 | 90.00 |
| Period 22 | 88.00 |
| Period 23 | 88.00 |

89.    In 2004, for pay periods 2, 5-6, 8-16, 14-15, 21-23 Plaintiff worked overtime hours.

90.    In 2004 for pay periods  2, 5-6, 8-16, 14-15, 21-23 Plaintiff was paid only straight time wages, not overtime wages.

91.    Thus Plaintiff is owed overtime wages in 2004 for pay periods 1 2, 5-6, 8-16, 14-15, 21-23.

92.    In 2003 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 91.00 |
| Period 2 | 102.00 |
| Period 3 | 82.00 |
| Period 4 | 80.00 |
| Period 5 | 84.00 |
| Period 6 | 96.00 |
| Period 7 | 93.00 |
| Period 8 | 98.50 |
| Period 9 | 92.00 |
| Period 10 | 89.00 |
| Period 11 | 94.00 |
| Period 12 | 97.00 |
| Period 13 | 89.00 |
| Period 14 | 100.00 |

| | |
|---|---|
| Period 15 | 92.00 |
| Period 16 | 94.00 |
| Period 17 | 84.00 |
| Period 18 | 56.00 |
| Period 19 | 88.00 |
| Period 20 | - |
| Period 21 | 89.00 |
| Period 22 | 82.00 |
| Period 23 | 86.00 |
| Period 24 | 76.00 |

93.    In 2003, for pay periods 1-3, 5-17, 19, 21-23 Plaintiff worked overtime hours.

94.    In 200 for pay periods  1-3, 5-17, 19, 21-23 Plaintiff was paid only straight time wages, not overtime wages.

95.    Thus Plaintiff is owed overtime wages in 2003 for pay periods 1-3, 5-17, 19, 21-23.

96.    In 2002 Plaintiff worked the following hours:

| | |
|---|---|
| Period 1 | 86.50 |
| Period 2 | 77.50 |
| Period 3 | 88.00 |
| Period 4 | 71.50 |
| Period 5 | 85.50 |
| Period 6 | 81.00 |

| | |
|---|---|
| Period 7 | 89.00 |
| Period 8 | 82.00 |
| Period 9 | 102.00 |
| Period 10 | 100.00 |
| Period 11 | 83.00 |
| Period 12 | 95.00 |
| Period 13 | 85.00 |
| Period 14 | 95.00 |
| Period 15 | 96.50 |
| Period 16 | 91.00 |
| Period 17 | 67.00 |
| Period 18 | 95.50 |
| Period 19 | 91.00 |
| Period 20 | 102.00 |
| Period 21 | 89.00 |
| Period 22 | 81.00 |
| Period 23 | 81.00 |
| Period 24 | 63.50 |

97.    In 2002, for pay periods 1, 3, 5-16, 18-23 Plaintiff worked overtime hours.

98.    In 2002 for pay periods  1, 3, 5-16, 18-23 Plaintiff was paid only straight time wages, not overtime wages.

99.    Thus Plaintiff is owed overtime wages in 2002 for pay periods 1, 3, 5-16, 18-23.

## FACTS LEADING TO THIS FILED LAWSUIT

100.    Plaintiff learned at some point that he was being unfairly denied his overtime wages.

101.    Plaintiff protested, complained and objected to the failure of Defendant to pay the proper rate of pay.

102.    Defendant and Defendant agents laughed at the Plaintiff refusing to pay the proper rate of pay.

103.    Based on Plaintiff's requests for overtime wages, Defendant and Defendant agents screamed and yelled at Plaintiff.

104.    Based on the illegal pay scheme, and the abuse he was experiencing via the actions of the Defendants, Plaintiff resigned his long-time employment.

105.    Plaintiff subsequently contacted the Defendant and demanded payment of his owed overtime wages for the last three years.

106.    Defendant initially agreed to pay approximately $8,000.00 to Plaintiff to compensate him for some of the owed overtime.

107.    Plaintiff reiterated the request for payment of overtime and received a promise of payment twice more from Defendants.

108.    Shortly before filing this suit, Plaintiff again meet with the Defendant and expected payment.

109.    After being promised payment of owed overtime wages on three separate occasions, Defendants revoked that promise and stated they would not pay the owed wages.

110.    Defendants freely admitted the failure to pay was a mistake, but that they were not going to pay.

111.    Based on Defendants adamant refusal to pay owed wages, which Defendants knew were owed, and based on the fact that Defendants acknowledged what they did was wrong and a wage violation, Plaintiff sought legal counsel to pursue this action.

112.    Based on the pre-litigation discussions, and refusal to be reasonable Plaintiff filed this suit.

113.    Based upon the potential loss of claims by Plaintiff (rolling statute of limitations) and Defendants obtuse reversal of a promise to pay, Plaintiff was forced by these inactions to file these claims.

**DEFENDANTS' Actions were Willful, Knowledgeable**
**and/or Had Reckless Disregard for FSLA Regulations**

114.    Defendant required and/or permitted Plaintiff to work more than 40 hours in a week.  Defendant did not pay Plaintiff for all of these overtime hours at the proper overtime rate of pay, which should have been paid at the rate of one-and-a-half times the regular rate of pay, including all compensation.

115.    However, Plaintiff ALSO received additional NON-discretionary compensation, in the form of earned bonuses, incentive pay, and/or commissions.

116.    These payments were based on a performance formula based on sales/profits.

117.    Thus the added payments to employees by Defendants is not discretionary, thus should be included in the calculation of the rate of pay for overtime wages.

118.    The FLSA defines the "regular rate" as **all remuneration** for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.) (emphasis added)

119.   Defendant's unlawful conduct has been uniform, widespread, repeated and consistent.

120.   Defendant's management was aware that Plaintiff worked and was not paid overtime wages at an overtime rate of pay.

121.   Defendant has willfully operated a scheme to deprive this employee of premium overtime by deliberately not paying him.

122.   Defendant's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

123.   All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

124.   All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
**Claims for Overtime Wages
Under Fair Labor Standards Act**

125.   Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

126.   At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

127.   At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate

"commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

128.    At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring or permitting their employees, including the Plaintiff employed by Defendant to fail to pay overtime to Hourly Employees to work in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate in violation of 29 USC §207.

129.    Plaintiff makes a claim for all overtime "Compensable time" including all overtime work suffered or permitted by employer, including all work allowed to occur or Defendant failed to prevent.

130.    Plaintiff's additional unpaid work performed was known to employer and/or which the employer, through reasonable diligence, could have discovered and prevented, even if not authorized.

131.    At all relevant times, the work performed by Plaintiff as for service to Defendant and were and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employee's principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

132.    As a result of the Defendant willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendant have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

133.    As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including the Plaintiff, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine

the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

134.    The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of her respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

135.    Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

136.    Plaintiff has consented to be a party to this action. (Plaintiff's Signed Consent form attached as Exhibit 1).

137.    At all times relevant to this action Plaintiff was employed by Defendant within the meaning of the FLSA.

138.    At all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 207(a).

139.    Due to Defendant's FLSA violations, Plaintiffs is entitled to recover from Defendants his unpaid overtime wages, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant them the following relief:

a.  Enter a declaratory judgment that Defendant violated the Plaintiff's rights under the FLSA, acts, as set forth in the preceding paragraphs.

b.  Award Plaintiffs their unpaid overtime wages, plus, an equal amount in liquidated damages.

c.  Award Plaintiff's pre-judgment and post-judgment interest as allowed by law;

d.  Award Plaintiff the costs of the litigation;

e.  Award the recovery of their reasonable attorney's fees;

f.  and award and order such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Under the Illinois Overtime Wage Law "IMWL"

140.    Plaintiff  realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

141.    Plaintiff was an employee of the Defendant pursuant to the Illinois Overtime wage Law (IMWL).

142.    Plaintiff was employed by Defendant an employee.

143.    The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct.

144.    Defendant derived benefits by requiring Plaintiff's work and was aware of that work, and failed to pay Plaintiff for that overtime work/wages at the overtime rate of pay.

48.    By the Defendant's policies, the Plaintiff did not receive adequate employer contributions for FICA and other employer payroll taxes.

48.    As a result of the foregoing, Plaintiff has been damaged in an amount to be

determined at trial.

50. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray's for the following relief:

A        Payment of unpaid overtime wages and liquidated damages pursuant to the IMWL and Illinois Department of Labor regulations;

B.        Unpaid overtime wages pursuant to the IMWL and other state wage laws;

C. Award Plaintiff's pre-judgment and post-judgment interest as allowed by law

D.        Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, and supporting Illinois Department of Labor regulations and other state wage laws;

E.        Attorneys' fees and costs of this action; and

F.        Such other relief as this Court shall deem just and proper.

## JURY DEMAND

## TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

July 12, 2016                              Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL    60177
630-464-9675

FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137